NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JACQUELINE DEAN; MELANIE BARBER, on behalf of themselves and all others similarly situated, | No. 18-55982 |
| Plaintiffs-Appellants, | D.C. No. 5:15-cv-00107-JGB-RAO |
| v. | MEMORANDUM* |
| COLGATE-PALMOLIVE COMPANY, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted June 7, 2019
Seattle, Washington

Before: BEA and NGUYEN, Circuit Judges, and MÁRQUEZ,** District Judge.

Jacqueline Dean and Melanie Barber ("Appellants") appeal the denial of

their class certification motion, as well as the denial of their motion to modify the

district court's scheduling order to allow for a renewed motion for class

certification. The district court had jurisdiction under 28 U.S.C. § 1332(d), and we

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\*      The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) ("We review a district court's denial of a motion for class certification for abuse of discretion."); *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982 (9th Cir. 2017) ("We review a district court's denial of a motion to modify a scheduling order for abuse of discretion."). The facts are known to the parties so we will not recount them here. We affirm the district court as to both orders.

1. The district court did not abuse its discretion when it required Appellants to show, as a constitutional threshold for application of California law classwide, "that California has 'significant contact or significant aggregation of contacts' to the claims of each class member." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012) (quoting *Wash. Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1080 (Cal. 2001)); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821–22 (1985) ("Kansas must have a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests,' in order to ensure that the choice of Kansas law is not arbitrary or unfair.") (quoting *Allstate Ins. Co. v. Hague*, 499 U.S. 302, 312–13 (1981)). Nor did the district court abuse its discretion by denying class certification based upon its finding that Appellants had failed to satisfy this burden.

2. District courts have broad discretion and the "inherent authority to

manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Based upon a finding that Appellants had "failed to exercise sufficient diligence to merit amending the scheduling order[,]" the district court acted within its discretion when it denied Appellants' request to modify the scheduling order to allow for a renewed class certification motion. *Zivkovic*, 302 F.3d at 1087 ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

**AFFIRMED.**